IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| MARK MCGEE, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | C.A. No. _____ |
| | § | |
| v. | § § | |
| | § | |
| PIONEER NATURAL RESOURCES USA, INC., | § § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Mark McGee (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages from Defendant Pioneer Natural Resources USA, Inc. (referred to as "Defendant"). In support thereof, he would respectfully show the Court as follows:

### I. NATURE OF SUIT

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets

overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2.     Defendant violated the FLSA by failing to pay its nonexempt employees for all hours worked.

3.     Defendant violated the FLSA by failing to pay its nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) per each seven (7) day workweek.

4.     Plaintiff brings this collective action under section 16(b) of the FLSA on behalf of himself and all other similarly situated employees in order to recover unpaid overtime wages.  29 U.S.C. § 216(b).

## II.  JURISDICTION & VENUE

5.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.  Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to his claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) because Defendant resides in the San Angelo Division of the Northern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the San Angelo Division of the Northern District of Texas.

### III.  THE PARTIES

7.     Plaintiff Mark McGee is a resident of Tom Green County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing his duties, McGee was engaged in commerce or in the production of goods for commerce.  McGee regularly worked in excess of forty (40) hours per week.  However, McGee did not receive pay for all hours worked nor did he receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

8.     Defendant Pioneer Natural Resources USA, Inc. is a Deleware corporation that may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.  Alternatively, if the registered agent of Pioneer Natural Resources USA, Inc. cannot with reasonable diligence be found at its registered office, Pioneer Natural Resources USA, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

9.     Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

10.     Defendant Pioneer Natural Resources USA, Inc. owns and operates an oil and gas exploration and production company located in the territorial jurisdiction of this Court.

11.     In connection with its business operations, Defendant employs numerous lease operators.

12.     From approximately October 2010 through the present, McGee was employed by Defendant as a lease operator.

13.     Lease operators, including McGee, are responsible for working in the oilfield to monitor equipment and to report the amount the oil extracted from the ground; they must be able to maintain the equipment on the site and to ensure it complies with environmental laws.  They must also report spills and prevent shutdowns from equipment failure.

14.     Lease operators, including McGee, regularly work in excess of forty (40) hours per week.

15.     Defendant does not pay lease operators, including McGee, for all hours worked.

16.     Defendant does not pay lease operators, including McGee, overtime wages for hours worked in excess of forty (40) per each seven (7) day workweek at a rate of time and one-half as required by the FLSA.

17.     Instead, lease operators, including McGee, were (i) required to attend regularly occurring safety meetings without pay; (ii) denied payment for travel time that

is all in the day's work (e.g. travel time following monthly safety meetings and/or travel time after reporting to at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools); (iii) denied payment for hours worked if a supervisor deemed the time excessive; (iv) required to complete their time sheets in advance of the workweek to reflect a predetermined amount of work per day and not permitted to correct their time sheets when they work more than the allotted time; (v) generally not permitted to report more eight (8) hours of work per day even though they routinely worked in excess of eight (8) hours per day; and/or (vi) denied overtime pay resulting from any one or more of the violations listed above.

18.    On information and belief, these same illegal pay practices were applied to all employees of Defendant who were compensated in the same or similar manner to that of Plaintiff.

## V.  COUNT ONE—VIOLATION OF THE FLSA

**A.    Defendant Failed to Properly Compensate Plaintiff For All Hours Worked and at the Rate of Time and One-Half for All Overtime Hours Worked.**

19.    Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

20.    On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

21.    As a nonexempt employee, Plaintiff was legally entitled to be paid for all hours worked and at one and one-half times his "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek.  29 U.S.C. §§ 206(a), 207(a).

22.     Defendant failed to pay Plaintiff for all hours.

23.     Defendant failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one-half times his regular rate.

24.     Instead, Defendant (i) required Plaintiff to attend regularly occurring safety meetings without pay; (ii) denied Plaintiff payment for travel time that is all in the day's work (e.g. travel time following monthly safety meetings and/or travel time after reporting to at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools); (iii) denied Plaintiff payment for hours worked if a supervisor deemed the time excessive; (iv) required Plaintiff to complete his time sheets in advance of the workweek to reflect a predetermined amount of work per day but did not permit Plaintiff to correct his time sheets when he work more than the allotted time; (v) generally did not permit Plaintiff to report more eight (8) hours of work per day even though he routinely worked in excess of eight (8) hours per day; and/or (vi) denied Plaintiff overtime pay resulting from any one or more of the violations listed above.

25.     As a result, Plaintiff was regularly "shorted" on his paycheck by not being paid for all hours worked and at a rate of time and one-half for hours worked in excess of forty (40).

26.     In the event that Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendant from appropriately paying Plaintiff for all hours worked and full overtime wages for hours worked in excess

of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

27.   Rather, Defendant knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiff proper regular and overtime wages.

**B.   Defendant Failed to Keep Accurate Records of Time Worked.**

28.   The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

29.   In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

**C.   Defendant's Illegal Actions Were and Are Willful Violations of the FLSA.**

30.   The illegal pattern or practice on the part of Defendant with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

31.   No exemption excuses Defendant from failing to pay Plaintiff for all hours worked and/or at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

32.   Defendant has not made a good faith effort to comply with the FLSA.

33.   Rather, Defendant knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

## VI. COUNT TWO—COLLECTIVE ACTION ALLEGATIONS

34.    Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

35.    On information and belief, other employees have been victimized by Defendant's patterns, practices and policies identified above in violation of the FLSA.

36.    These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner, and were denied overtime wages at a rate of time and one-half for hours worked in excess of forty (40) each workweek.

37.    Defendant's patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

38.    Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

39.    All employees of Defendant, regardless of their rate of pay, who were not paid for all hours worked or at their proper overtime rate for hours worked in excess of forty (40) are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former lease operators or any other employee: (1) who worked at any business that was owned, operated, and/or acquired by Defendant during the class period; (2) who were denied payment for all hours worked; and/or (3) who were not properly paid at a rate of time and one-half for hours worked in excess of forty (40) per workweek.

40.     Plaintiff has retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

### VII.  COUNT THREE—UNLAWFUL DEDUCTIONS

41.     The Texas Labor Code prohibits employers from withholding or diverting any part of an employee's pay without written authorization from the employee.  TEX. LAB. CODE § 61.018.

42.     In addition to the pay violations of the FLSA identified above, Defendant made unlawful deductions from Plaintiff's wages (e.g., docked Plaintiff for the use of a company vehicle).

### VIII.  COUNT FOUR—FAILURE TO PAY WAGES

43.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

44.     Defendant's practice of failing to pay their nonexempt employees overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) each workweek is in direct violation of the FLSA.  29 U.S.C. §§ 206(a), 207(a).

45.     Defendant violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiff his full and proper compensation.  29 U.S.C. § 216(b); TEX. LAB. CODE §§ 61.011-61.020.

46.     Plaintiff is entitled to payment for all hours worked in excess of forty (40) each workweek in an amount that is one and one-half times his regular rate of pay.

47.     Plaintiff is entitled to liquidated damages in an amount equal to his unpaid overtime wages as a result of Defendant's failure to comply with the requirements of the FLSA.  29 U.S.C. § 216(b).

### IX. Jury Request

48.     Plaintiff requests a trial by jury.

### X. Prayer

49.     WHEREFORE, Plaintiff and all similarly situated employees who join this action respectfully request this Court:

    a.  Authorize the issuance of notice at the earliest possible time to all Defendant's employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

    b.  Declare Defendant has violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

    c.  Declare Defendant's violations of the FLSA to be willful;

    d.  Award Plaintiff and all those similarly situated damages for the amount of unpaid overtime compensation, subject to proof at trial;

    e.  Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically required by the FLSA;

    f.  Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

    g.  Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

    h.  Award postjudgment interest as allowed by law;

    i.  Award costs of court of prosecuting Plaintiff's claims; and

j. Award such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore

Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**